za

## IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS ROCK ISLAND DIVISION

| | |
|---|---|
| PATRICIA KEITEL, as Independent Administrator of the Estate of ERIC PETERSEN, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>DARREN HART, the SHERIFF OF ROCK ISLAND COUNTY, individually and in his official capacity, ROCK ISLAND COUNTY, ILLINOIS, MICHAEL ORTIZ, SKYLER SOMNER, CHRISTOPHER WARREN, SHANNON KIZER, BRETT UTZ, CHRISTOPHER O'MELIA, CHAD SANDHOLM, STEPHEN TRIPLETT, KUANTRELL WIKERSHAM, SAMUEL LITTLE, MORGAN DUNN, LARON MARTIN, MICHELE NESSELER, KENNETH MALO, CELICA SWANSON, DAMION SUMMERS, CHRISTOPHER SERRA, EDWARD SCHILTZ, DEVIN MOORE, MEnD CORRECTIONAL CARE, "ERICKA," ROSI MONZON, KAREN GERDES and "CM,"<br><br>    Defendants. | Case No. 4:24-cv-04082-CSB-EIL<br><br><br><br><br><br>JURY DEMANDED |

## ANSWER TO FIRST AMENDED COMPLAINT

Now come, Defendant Corrections Officer Samuel Little, by and through their attorneys,

State's Attorney Dora Villarreal and Assistant State's Attorney Jacob A. Mellinger, for their

Joint Answer to the Plaintiff's Amended Complaint, hereby states as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of the rights of Mr. Petersen secured by the United States Constitution.

 **REPONSE**: The allegation is admitted insofar as that it what is pled by the Plaintiff.

2. On June 13, 2022, Mr. Petersen died in custody at the Rock Island County Jail, where he was serving a five-day sentence for a DUI charge. Defendants knew that Mr. Petersen, a diabetic, required frequent monitoring of his blood sugar levels. In fact, in August 2021, while Mr. Petersen was in the same jail, he nearly died from ketoacidosis because of the staff's failure to properly monitor his blood sugar levels. That experience compelled Mr. Petersen to get a written order from his doctor on June 6, 2022 to show the Rock Island Jail staff how to properly manage his diabetes while serving the sentence for his DUI conviction. Unfortunately, Defendants did not follow the doctor's order. When Defendants failed to test Mr. Petersen's blood sugar levels when he asked, he began to experience bouts of hallucination and vomiting. Additionally, from June 12 into June 13, 2022, Mr. Petersen repeatedly asked for help and to be taken to a hospital. These requests were accompanied by obvious, objective symptoms of a serious medical need. Mr. Petersen became so critically ill that he could no longer ambulate or stand. Instead of calling paramedics to take Mr. Petersen to a hospital, staff at Rock Island County Jail ignored him and left him to die alone in his cell. Mr. Petersen's death was easily preventable. Mr. Petersen's five-day jail stay was converted to a death sentence because of the failings of these Defendants.

**RESPONSE:** The Defendant neither admits nor denies the allegations in paragraph 2 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegation, and therefore denies the same.

## PARTIES

3. Plaintiff is the duly appointed independent administrator of Mr. Petersen's estate in Case No. 07491 ESPR021212, pending in the District Court for Jackson County, Iowa.

**RESPONSE**: The Defendant neither admits nor denies the allegation in paragraph 3 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegations, and therefore denies the same.

4. Defendant Darren Hart is the Sheriff of Rock Island County, Illinois, and is sued in his individual and official capacities.

 **RESPONSE:** The allegation is admitted insofar as that it what is pled by the Plaintiff.

5. Defendant Rock Island County, Illinois, is joined in this action pursuant to Carver v. Sheriff of LaSalle County, 324 F.3d 947 (7th Cir. 2003)

 **RESPONSE:** The allegation contained in paragraph 5 of the Amended Complaint contains a

 conclusion of law to which no response is required. To the extent that a response is required,

 the Defendant neither admits nor denies the allegation in paragraph 5 of the Amended

Complaint for the reason that the Defendant lack knowledge or information sufficient to form a

belief as to the truth of the allegation, and therefore deny the same.

6. Defendants Michael Ortiz, Skyler Somner, Christopher Warren, Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Michele Nesseler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schiltz, and Devin Moore (collectively the "individual deputies") are sworn Rock Island County sheriff's deputies who were assigned to the Rock Island County Jail. Each of the individual deputies were agents of Defendant Darren Hart and Defendant Rock Island County, and were acting within the scope of their agency, and under color of law, at all times mentioned herein. Each of the individual deputies is sued in his or her individual capacity.

**RESPONSE:** The allegations in paragraph 6 are denied. The Defendant listed in paragraph 6 are sworn correctional officers not sheriff's deputies.

7. Defendants Karen Gerdes, Rosi Monzon, "Ericka" (last name currently unknown) and "CM" (collectively the "individual medical defendants") are nurses who were agents of Defendant MEnD Correctional Care and were acting within the scope of their agency and under color of law at all times mentioned herein. They are sued in their individual capacities.

  **RESPONSE:** The Defendant neither admits nor denies the allegations in paragraph 7 of the

  Amended Complaint for the reason that the Defendant lacks knowledge or information

  sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

8. Defendant MEnD Correctional Care is a corporation licensed and incorporated in Minnesota, with its principal officers registered in Sartell, Minnesota, doing business as a medical provider for various county jails, including Rock Island County Jail.

  **RESPONSE:** The Defendant neither admits nor denies the allegations in paragraph 8 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegations, and therefore denies the same.


9. Upon information, MEnD Correctional Care has filed for bankruptcy in federal court in Minnesota.

  **RESPONSE**: The Defendant neither admits nor denies the allegations in paragraph 9 of the

  Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

## JURISDICTION & VENUE

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

  **RESPONSE:** The allegation contained in paragraph 10 of the Amended Complaint contains a

  conclusion of law to which no response is required. To the extent that a response is required,

  the Defendant neither admits nor denies the allegation in paragraph 10 of the Amended

  Complaint for the reason that the Defendant lacks knowledge or information sufficient to form

  a belief as to the truth of the allegation, and therefore denies the same.

11. Venue is proper under 28 U.S.C. § 1391(b) because one or more of the defendants reside in this judicial district and all defendants are residents of Illinois. Further, a substantial part of the events and omissions giving rise to this claim occurred within this judicial district.

  **RESPONSE**: The allegation contained in paragraph 11 of the Amended Complaint contains a

  conclusion of law to which no response is required. To the extent that a response is required,

  the Defendant neither admits nor denies the allegation in paragraph 11 of the Amended

  Complaint for the reason that the Defendant lacks knowledge or information sufficient to form

  a belief as to the truth of the allegation, and therefore denies the same.

## FACTS AND CLAIM FOR RELIEF

12. On June 10, 2022, Mr. Petersen was booked into the Rock Island County Jail to serve a five-day sentence for a prior DUI conviction.

  **RESPONSE**: The Defendant neither admits nor denies the allegation in paragraph 12 of the

  Amended Complaint for the reason that the Defendant lacks knowledge or information

  sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

13. During the intake, Mr. Petersen told Defendant Warren that he takes Humalog and Lantus for his diabetes, and that he takes the Lantus in the morning and night and the Humalog depending on when he eats and when he checks his blood sugar levels.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 13 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

14. Upon arrival at Rock Island County Jail, Mr. Petersen brought a note from his doctor that listed his medications for diabetes and laid out when they should be administered. Mr. Petersen told Defendant Warren that his doctor, Dr. Rickerston, was his regular treating doctor.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 14 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

15. Mr. Petersen brought his own medication to the jail on June 10, 2022, including the Humalog and Lantus prescribed by Dr. Rickerston.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 15 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

16. Defendant Warren falsely indicated in the medical screening that Mr. Petersen had not brought medication to the jail.

**REPONSE**: The Defendant neither admits nor denies the allegation in paragraph 16 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

17. Defendant Warren noted that Mr. Petersen's medications were "unknown" even though Mr. Petersen brought his medications with him and told Defendant Warren what medications he was taking.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 17 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

18. Mr. Petersen told Defendant Warren that he was a diabetic.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 18 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

19. Mr. Petersen was never given Humalog or Lantus during his time in the Rock Island Jail.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 19 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegation, and therefore denies the same.

20. When meals were being passed out in the jail, Mr. Petersen would ask to have his blood
sugar levels tested. Upon information, the correctional staff would deny these requests.

**RESPONSE:** Defendant Little denies the allegations in Paragraph 20 as to himself, however,

Defendant Little the neither admits nor denies the allegations in paragraph 20 of the Amended

Complaint for the reason that the Defendant Little lacks knowledge or information sufficient to

form a belief as to the truth of the allegation as it relates to the other corrections staff, and

therefore denies the same.

21. On June 12, 2022, Mr. Petersen was vomiting in the Rock Island Jail.

**RESPONSE**: The Defendant neither admits nor denies the allegation in paragraph 21 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

22. Vomiting is a sign and symptom of diabetic ketoacidosis.

  **RESPONSE**: The Defendant neither admits nor denies the allegation in paragraph 22 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegation, and therefore denies the same.


23. Defendant Somner observed Mr. Petersen vomiting on June 12, 2022, but never summoned
any medical help.

  **RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 23 of the

  Amended Complaint for the reason that the Defendant lacks knowledge or information

  sufficient to form a belief as to the truth of the allegation, and therefore denies the same.


24. Mr. Petersen was complaining to the other inmates in his cellblock that he was not allowed to
check his blood sugar and was not getting his proper medications.

  **RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 24 of the

  Amended Complaint for the reason that the Defendant lacks knowledge or information

  sufficient to form a belief as to the truth of the allegation, and therefore denies the same.


25. None of the medical staff responded to Mr. Petersen vomiting.

  **RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 25 of the

  Amended Complaint for the reason that the Defendant lacks knowledge or information

  sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

26. On June 13, 2022, an inmate in a cell near Mr. Petersen heard him banging on the door and saying he wanted to go to the hospital.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 26 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegation, and therefore denies the same.

27. This same inmate also indicated that Mr. Petersen was hallucinating.

**RESPONSE**: The Defendant neither admits nor denies the allegation in paragraph 27 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

28. When correctional staff and medical staff, including the individually named Defendants herein, passed Mr. Petersen, they ignored his cries for help,

**RESPONSE:** Defendant Little denies the allegations in Paragraph 28 as to himself, however,

Defendant Little neither admits nor denies the allegations in paragraph 28 of the Amended

Complaint for the reason that Defendant Little lack knowledge or information sufficient to form

a belief as to the truth of the allegation as it relates to the other correctional staff and medical

staff, and therefore denies the same.

29. Throughout June 13, 2022, Mr. Petersen requested his medication. It was not provided to him.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 29 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

30. Defendant Monzon failed to check Mr. Petersen's blood sugar levels during the morning of June 13, 2022. Defendant Monzon never had Mr. Petersen sign the Flow Sheet as required.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 30 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

31. A currently unknown individual MEnD employee defendant with the initials of "CM" failed to check Mr. Petersen's blood sugar levels during the evening on June 13, 2022. Defendant "CM" never had Mr. Petersen to sign the Flow Sheet as required.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 31 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

32. Without knowledge of his blood sugar levels, Mr. Petersen would not know if it was safe for him to eat any food.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 32 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegation, and therefore denies the same.

33. At approximately 6:45 p.m. on June 13, 2022, Defendant Ortiz observed Mr. Petersen walking around his call and "talking to himself." Defendant Ortiz did not check to see if Mr. Petersen needed any help and he did not summon any medical assistance.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 33 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegation, and therefore denies the same.

34. Upon information, individual deputy Defendants Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Skyler Somner, Michele Nesseler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schlitz and Devin Moore were also assigned to Mr. Petersen's unit between June 10 through June 13, 2022, and observed or became aware that Mr. Petersen was requesting medication, requesting to be hospitalized, vomiting, and displaying behavior that indicated he was obviously ill. These Defendants did not provide any assistance to Mr. Petersen or summon medical assistance for him.

**RESPONSE**: Defendant Little neither admits nor denies the allegation in Paragraph 34 as to himself, for the reason that Defendant Little lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same. Additionally, Defendant Little neither admits nor denies the allegation in paragraph 34 of the Amended Complaint for the reason that Defendant Little lacks knowledge or information sufficient to form a belief as to the truth of the allegation as it relates to the other corrections officers listed, and therefore denies the same. Furthermore, the Defendants listed in allegation 34 are correctional officers not deputies.

35. One of the inmates in a cell near Mr. Petersen had to press his intercom button to get the attention of Defendant Ortiz when the inmate observed Mr. Petersen unresponsive on the floor of his cell.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 35 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

36. There was a long delay before correctional and medical staff responded to the report of Mr. Petersen being unresponsive.

RESPONSE: The Defendant neither admits nor denies the allegation in paragraph 36 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

37. At approximately 6:55 p.m., Defendant Ortiz and Defendant Gerdes discovered Mr. Petersen unresponsive in his cell.

RESPONSE: The Defendant neither admits nor denies the allegation in paragraph 37 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegation, and therefore denies the same.

38. When the paramedics finally arrived at the jail around 7:22 p.m., Mr. Petersen's blood glucose level was 498.

RESPONSE: The Defendant neither admits nor denies the allegation in paragraph 38 of the

Amended Complaint for the reason that the Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

39. The individual medical defendants were medical staff at the Rock Island County Jail during

Mr. Petersen's incarceration. On information, the individual medical defendants observed Mr.

Petersen's condition and would have known that Mr. Petersen 1) was critically ill, 2) had a

serious medical need that was not being met, and 3) needed to be hospitalized. Despite this, the

individual medical defendants ignored Mr. Petersen's serious medical needs and failed to arrange

for a higher level of medical care, conduct a proper physical, or arrange for his transportation to a hospital to receive proper medical attention.

 **RESPONSE**: The allegation in Paragraph 39 is a conclusion and opinion and no response is required or given. In the event the Court deems a response to this allegation necessary, the Defendant neither admits nor denies the allegations in paragraph 39 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

40. As a result of the unjustified and unconstitutional conduct of each of the defendants, Mr. Petersen experienced pain, suffering, emotional distress, injury, and ultimately death. Each of the Defendant acted intentionally, with malice, willfulness, and deliberate indifference to the rights of Mr. Petersen, and violated Mr. Petersen's constitutional rights by willfully ignoring his serious medical needs.

 **RESPONSE:** The allegation in Paragraph 40 is admitted only to the fact that Mr. Petersen died and the rest of the allegation is denied.

41. Mr. Petersen is survived by two minor children. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has experienced, and will continue to experience into the future, pecuniary loss, including a loss of society. As a further direct and proximate result of Defendants' unlawful conduct, Plaintiff has experienced, and will continue to experience into the future, grief, sorrow, and mental suffering.

**RESPONSE:** The Defendant neither admits nor denies the allegation in paragraph 41 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

42. They are each liable to Plaintiff pursuant to 42 U.S.C. § 1983 based on their deliberate indifference to Mr. Petersen's serious medical needs, and their failure to intervene.

**RESPONSE:** The allegation in Paragraph 42 is a conclusion of law which no response is required or given. In the event the Court deems a response to this allegation necessary, The Defendant neither admits nor denies the allegations in paragraph 42 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

43. Plaintiff additionally asserts Illinois state law claims of willful and wanton negligence against MEnD and the individual medical defendants. Each of these Defendants knew from their observation of Mr. Petersen that he needed immediate medical care and, through willful and wanton conduct, failed to take reasonable action to summon emergency medical services or other proper medical care.

**RESPONSE:** The allegation contained in paragraph 43 of the Amended Complaint contains a conclusion of law to which no response is required. To the extent that a response is required, the Defendant neither admits nor denies the allegation in paragraph 43 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

44. Plaintiff asserts the same state law claims against Defendant MEnD under the doctrine of respondeat superior, based on the actions and inactions of each of the individual medical defendants. Plaintiff additionally asserts a state law indemnification claim against defendants Darren Hart and Rock Island County pursuant to 745 ILCS 10/9-102.

   **RESPONSE:** The allegation contained in paragraph 44 of the Amended Complaint contains a conclusion of law to which no response is required. To the extent that a response is required, the Defendant neither admits nor denies the allegation in paragraph 44 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

45. Plaintiff additionally asserts Illinois state law medical malpractice claims against MEnD and the individual medical defendants in that they committed medical negligence by failing to properly treat Mr. Petersen's diabetes, follow his doctor's orders, and failing to send Mr. Petersen to a hospital for emergency medical care. Their failure to do so proximately caused Mr. Petersen's death.

   **RESPONSE:**  The allegation contained in paragraph 45 of the Amended Complaint contains a conclusion of law to which no response is required. To the extent that a response is required, the Defendant neither admits nor denies the allegation in paragraph 45 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

46. Plaintiff's state law claims are brought pursuant to the Illinois Wrongful Death Act, 740

ILCS 180/0.01 et seq., for the pecuniary losses sustained by Mr. Petersen's next-of-kin, and the

Illinois Survival statute, 755 ILCS 5/27-6, for Mr. Petersen's conscious pain and suffering prior

to death.

**RESPONSE**: The allegation contained in paragraph 46 of the Amended Complaint contains a

conclusion of law to which no response is required. To the extent that a response is required,

the Defendant neither admits nor denies the allegation in paragraph 46 of the Amended

Complaint for the reason that the Defendant lacks knowledge or information sufficient to form

a belief as to the truth of the allegation, and therefore denies the same.


## Causes of Action:

### I. Claims under 42 U.S.C. 1983: Defendant Darren Hart

**RESPONSE**: The allegations contained in Count I of Plaintiff's Amended Complaint are not
directed at the Defendant who is answering this Amended Complaint and no response is
required. To the extent a response is required, the Defendant, respectfully requests that this Court
deny the relief requested in Count I and dismiss Count I of the Plaintiff's Amended Complaint.


### II. Claims under 42 U.S.C. 1983: Defendants MICHAEL ORTIZ, SKYLER SOMNER, CHRISTOPHER WARREN, SHANNON KIZER, BRETT UTZ, CHRISTOPHER O'MELIA, CHAD SANDHOLM, STEPHEN TRIPLETT, KUANTRELL WIKERSHAM, SAMUEL LITTLE, MORGAN DUNN, LARON MARTIN, MICHELE NESSELER, KENNETH MALO, CELICA SWANSON, DAMION SUMMERS, CHRISTOPHER SERRA, EDWARD SCHILTZ, DEVIN MOORE, "ERICKA," ROSI MONZON, KAREN GERDES and "CM"

58. Plaintiff re-alleges the Common Allegations of Fact as if fully set forth herein.

**RESPONSE:** The Defendant restates and reincorporates its answers to paragraphs 1 through 57
of the Amended Complaint as though fully set forth herein.

59. Plaintiff is entitled to relief against Defendants Michael Ortiz, Skyler Somner, Christopher Warren, Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Michele Nessler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schiltz, Devin Moore, "Ericka," Rosi Monzon, Karen Gerdes, and "CM," under 42 U.S.C. § 1983, based on violation of the Fourteenth Amendment to the U.S. Constitution.

**RESPONSE:** The allegation contained in paragraph 59 of the Amended Complaint contains a conclusion of law to which no response is required. To the extent that a response is required, the Defendant neither admits nor denies the allegation in paragraph 59 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

60. At all times material, Plaintiff's decedent, Eric Petersen, had a constitutionally protected right under the Fourteenth Amendment to the U.S. Constitution to receive needed care while in the Rock Island County Jail, and to have his serious medical issues timely and properly assessed and treated.

**RESPONSE:** The allegation contained in paragraph 60 of the Amended Complaint contains a conclusion of law to which no response is required. To the extent that a response is required, the Defendant neither admits nor denies the allegation in paragraph 60 of the Amended Complaint for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the same.

61. Defendants Michael Ortiz, Skyler Somner, Christopher Warren, Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Michele Nessler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schiltz, Devin Moore, "Ericka," Rosi Monzon, Karen Gerdes, and "CM" deliberately disregarded the immediate and serious threat to the health and well-being of persons in the Rock Island County Jail in need of medical treatment and exhibited deliberate and callous indifference to serious medical and mental health needs, by denying access to intensive and structured medical care, treatment and observation necessary to treat serious medical needs and prevent suffering and death.

**RESPONSE:** Defendant Little denies the allegations in Paragraph 61 as to himself, however, Defendant Little neither admits nor denies the allegations in paragraph 61 of the Amended

Complaint for the reason that Defendant Little lacks knowledge or information sufficient to

form a belief as to the truth of the allegation as it relates to the other corrections officers listed,

and therefore denies the same.

62. Defendants Michael Ortiz, Skyler Somner, Christopher Warren, Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Michele Nessler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schiltz, Devin Moore, "Ericka," Rosi Monzon, Karen Gerdes, and "CM" were well aware that there were inmates who suffered from severe medical needs and were at risk of injury and/or death. Despite this knowledge, these Defendants intentionally and knowingly failed to provide serious, ongoing case management and treatment for such inmates and failed to regularly monitor their medical health care needs.

**RESPONSE:** Defendant Little denies the allegations in Paragraph 62 as to himself, however,

Defendant Little neither admits nor denies the allegations in paragraph 62 of the Amended

Complaint for the reason that Defendant Little lacks knowledge or information sufficient to

form a belief as to the truth of the allegation as it relates to the other corrections officers listed,

and therefore denies the same.

63. Defendants Michael Ortiz, Skyler Somner, Christopher Warren, Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Michele Nessler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schiltz, Devin Moore, "Ericka," Rosi Monzon, Karen Gerdes, and "CM" knew at all times material to this action that there was a substantial risk that detainees with serious medical issues, left substantially untreated, could be seriously injured and/or die, that such injuries and/or deaths were reasonably foreseeable, that the threat injuries and/or death was imminent and immediate.

**RESPONSE** Defendant Little denies the allegations in Paragraph 63 as to himself, however,

Defendant Little neither admits nor denies the allegations in paragraph 63 of the Amended

Complaint for the reason that Defendant Little lacks knowledge or information sufficient to

form a belief as to the truth of the allegation as it relates to the other corrections officers listed,

and therefore denies the same.

64. Defendants Michael Ortiz, Skyler Somner, Christopher Warren, Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Michele Nessler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schiltz, Devin Moore, "Ericka," Rosi Monzon, Karen Gerdes, and "CM" deliberately disregarded the immediate and serious threat to detainees' medical health and well-being and exhibited deliberate indifference and callous indifference to their serious medical needs by denying and unreasonably delaying access to competent medical care to treat their serious medical issues.

**RESPONSE:** Defendant Little denies the allegations in Paragraph 64 as to himself, however, Defendant Little neither admits nor denies the allegations in paragraph 64 of the Amended Complaint for the reason that Defendant Little lacks knowledge or information sufficient to form a belief as to the truth of the allegation as it relates to the other corrections officers listed, and therefore denies the same.

65. In light of the aforementioned, Eric Petersen suffered from both an objectively and subjectively substantial risk of serious harm while under the care and custody of Defendants Michael Ortiz, Skyler Somner, Christopher Warren, Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Michele Nessler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schiltz, Devin Moore, "Ericka," Rosi Monzon, Karen Gerdes, and "CM," and these defendants reacted to this risk in an objectively and subjectively unreasonable manner.

**RESPONSE:** Defendant Little denies the allegations in Paragraph 65 as to himself, however, Defendant Little neither admits nor denies the allegations in paragraph 65 of the Amended Complaint for the reason that Defendant Little lacks knowledge or information sufficient to form a belief as to the truth of the allegation as it relates to the other corrections officers listed, and therefore denies the same.

66. It is more likely than not that the failures of Defendants Michael Ortiz, Skyler Somner, Christopher Warren, Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Michele Nessler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schiltz, Devin Moore, "Ericka," Rosi Monzon, Karen Gerdes, and "CM" as alleged above were the cause of Mr. Petersen's death.

**RESPONSE**: Defendant Little denies the allegations in Paragraph 66 as to himself, however, Defendant Little neither admits nor denies the allegations in paragraph 66 of the Amended Complaint for the reason that Defendant Little lacks knowledge or information sufficient to form a belief as to the truth of the allegation as it relates to the other corrections officers listed, and therefore denies the same.

67. As a direct and proximate result of Defendants Michael Ortiz, Skyler Somner, Christopher Warren, Shannon Kizer, Brett Utz, Christopher O'Melia, Chad Sandholm, Stephen Triplett, Kuantrell Wikersham, Samuel Little, Morgan Dunn, LaRon Martin, Michele Nessler, Kenneth Malo, Celica Swanson, Damion Summers, Christopher Serra, Edward Schiltz, Devin Moore, "Ericka," Rosi Monzon, Karen Gerdes, and "CM's" deliberate indifference to Mr. Petersen's serious medical needs, Mr. Petersen died on June 13, 2022.

**RESPONSE**: Defendant Little denies the allegations in Paragraph 67 as to himself, however, Defendant Little neither admits nor denies the allegations in paragraph 67 of the Amended Complaint for the reason that Defendant Little lacks knowledge or information sufficient to form a belief as to the truth of the allegation as it relates to the other corrections officers listed, and therefore denies the same.

WHEREFORE, the Defendant, through the Office of the Rock Island County State's Attorney, pleads the Court to enter a judgment of dismissal with prejudice with respect to this claim, and to provide any other relief to the Defendant which may be available under the law in a fair and just manner.

### III. Monell Claim: Defendant Darren Hart as Sheriff of Rock Island County

**RESPONSE**: The allegations contained in Count III of Plaintiff's Amended Complaint are not directed at the Defendant who is answering this Amended Complaint and therefore no response is required. To the extent a response is required, the Defendant, respectfully requests that this Court deny the relief requested in Count III and dismiss the Plaintiff's Amended Complaint.

### IV. State Claim for Wrongful Death: Defendants MEnD Correctional Care, MEnD TECH "ERICKA," ROSI MONZON, KAREN GERDES and "CM"

**RESPONSE:** The allegations contained in Count IV of Plaintiff's Amended Complaint are not directed at the Defendant who is answering this Amended Complaint and therefore no response is required. To the extent a response is required, the Defendant, respectfully requests that this Court deny the relief requested in Count IV and dismiss the Plaintiff's Amended Complaint.

### V. 735 ILCS 5/2-622- Medical Malpractice: Defendants MEnD Correctional Care, MEnD TECH "ERICKA," ROSI MONZON, KAREN GERDES and "CM"

**RESPONSE:** The allegations contained in Count V of Plaintiff's Amended Complaint are not directed at the Defendant who is answering this Amended Complaint and therefore no response is required. To the extent a response is required, the Defendant, respectfully requests that this Court deny the relief requested in Count V and dismiss the Plaintiff's Amended Complaint.

### <u>AFFIRMATIVE DEFENSES</u>

The Defendant, assert the following affirmative defenses pursuant to Fed. R. Civ. P 8(c)(1) in this action:

1.    At all times relevant herein, the conduct of the Defendant did not violate any of Plaintiffs' clearly established statutory or constitutional rights of which reasonable persons in their position would have known, and therefore the Defendant are entitled to qualified immunity from both suit and money damages.

2. To the extent that Defendant is named in their official capacity, they are immune from punitive damage awards. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S. Ct. 2748 (1981).

3. The Defendant did not possess knowledge of a specific risk of imminent harm to Plaintiff or a substantial risk of imminent harm to Plaintiff and did not act with deliberate indifference to Plaintiff's well-being.

4. Plaintiff's complaint fails to state a claim upon which relief may be granted because the claims do not rise to the level of a constitutional violation.

5. Defendant reserve the right to amend or supplement their affirmative defenses as discovery proceeds.

6. Plaintiff failed to exhaust his administrative remedies and the lawsuit should be dismissed under 42 U.S.C. 1997 e(a) of the Prison Litigation Act.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss plaintiff claims with prejudice and assess costs against plaintiff and enter such other and further relief that this Honorable Court deems necessary and appropriate.

Respectfully submitted,

Date:  October 15, 2024                    By:  /s/ Jacob A. Mellinger

                                        Jacob A. Mellinger
                                        IL #6336376
                                        Assistant State's Attorney
                                        Attorney for Defendant
                                        State's Attorney's Office
                                        1317 3rd Ave. – 2nd Floor
                                        Rock Island, IL 61201
                                        Phone: (309) 558-3249
                                        Fax: (309) 786-5052
                                        Email: mellingerj@rockislandcountyil.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2024, I electronically filed the foregoing: Answer to Plaintiffs' Amend Complaint, with the Clerk of the Court using the CM/ECF system. which effected services on all parties who have appeared.

/s/ Jacob Mellinger